**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**IN RE: DYNAMIC INDUSTRIES**
**SAUDI ARABIA LIMITED**

**CIVIL ACTION**

**NO: 25-1381**

**SECTION: C (4)**

## ORDER AND REASONS

Before the Court is the appeal of orders of the United States Bankruptcy Court for the Eastern District of Louisiana, denying a motion to withdraw as counsel and denying a motion to reconsider that ruling. 22-10823, Rec. Doc. 73 and 97. The orders are AFFIRMED.

### FACTUAL AND PROCEDURAL HISTORY

Ultra Deep Picasso Pte. Ltd., Zakher Marine Saudi Company Limited, and Stanford Marine LLC initiated chapter 7 involuntary bankruptcy proceedings against Dynamic Industries Saudi Arabia Limited (DISA). The relationship between DISA and the petitioning creditors stems from a contract to oversee an oil pipeline replacement project in the Kingdom of Saudi Arabia. DISA subcontracted the petitioning creditors to perform work associated with that project.

The bankruptcy court dismissed the involuntary petition. 22-10823, Rec. Doc. 28. DISA moved for attorney fees and costs. 22-10823, Rec. Doc. 31. The bankruptcy court awarded attorney fees pursuant to 11 U.S.C. § 303(i). 22-10823,

1

Rec. Doc. 46. The petitioning creditors were assessed $130,441.78 ($128.176.50 for attorney fees and $2,265.28 for costs). 22-10823, Rec. Doc. 59.  An order was signed to this effect on April 28, 2023.

Attorneys J. Stephen Simms and Catherine M. Benson represented the petitioning creditors. 22-10823, Rec. Docs. 7 and 42. An Unopposed Motion for Leave to Withdraw as Counsel was filed by Simms and Benson. 22-10823, Rec. Doc. 72. The attorneys submitted that Zakher Marine Saudi Company Limited and Stanford Marine LLC both settled with DISA. The only remaining creditor is Ultra Deep Picasso Pte. Ltd. The attorneys further stated that Ultra terminated them as counsel. Thus, they asked to withdraw and provided contact information for Ultra in Singapore.

The court held a status conference with Simms and counsel for DISA.  It confirmed the attorneys were seeking to withdraw without substitute counsel. The court noted a corporation cannot represent itself. Because the order requiring payment of DISA's attorney fees and costs was unresolved, the motion to withdraw was denied. 22-10823, Rec. Doc. 73. A hearing was then set to assess compliance with the order. 22-10823, Rec. Doc. 74.

Simms and Benson filed a Motion and Memorandum Pursuant to Bankr. R. 9023 and 9024 for this Court to Reconsider and Revise its Order Denying the Unopposed Motion for UDP Counsel to Withdraw (Dkt. 73) and Vacate Its Order for

Hearing Referring to "Sanctions" (Dkt. 74). 22-10823, Rec. Doc. 83. The attorneys sought reconsideration of their withdrawal motion and pointed out the award of attorney fees and costs was referred to by the court as "sanctions." They argued there are no "sanctions," just a "judgment" for attorney fees and costs, which can be executed upon. They further argued that DISA did not oppose the withdrawal request and there is no meaningful purpose for continuing their representation. The attorneys asked the court to reconsider their motion to withdraw.

The bankruptcy court denied the motion to reconsider. 22-10823, Rec. Doc. 97. It noted a common practice of holding compliance hearings to enforce bankruptcy court orders and judgments. This practice applies whether the award of attorney fees and costs is referred to as a "sanctions order" or a "judgment." The court found that without substitute counsel, DISA will be prejudiced by the withdrawal. Thus, the motion to reconsider was denied.

The attorneys appealed. 22-10823, Rec. Doc. 99; 25-1382, Rec. Doc. 1. They argue the disruptive impact of withdrawal is dependent on the stage of the litigation. Here, the case is post-judgment. Thus, the disruption is minimal. Additionally, they argue the bankruptcy court's order is a "judgment" not a "sanctions order." Thus, withdrawal of counsel will not prevent DISA from executing on the judgment.

3

## LAW AND ANALYSIS

This court has appellate jurisdiction pursuant to 28 U.S.C. § 158. The standard of review for a bankruptcy appeal is the same standard used by an appellate court reviewing a district court proceeding. *In re Killebrew*, 888 F.2d 1516, 1519 (5th Cir. 1989). Accordingly, the court reviews the bankruptcy court's conclusions of law de novo, findings of fact for clear error, and mixed question of law and fact de novo. *In re Nat'l Gpsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000).

Pursuant to Local Rules of the United States Bankruptcy Court for the Eastern District of Louisiana, "[c]ounsel represents the party for whom he/she appears unless the court permits withdrawal from the case." Rule 2014-1(C)(1). A motion to withdraw "may be denied at the discretion of the presiding judge." Rule 2014-1(C)(3). Attorney withdrawal is "entrusted to the sound discretion of the court and will be overturned on appeal only for an abuse of that discretion." *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 204 (5th Cir. 2019). A bankruptcy court abuses its discretion when its ruling is based on "an erroneous review of the law or on a clearly erroneous assessment of the evidence." *In re Yorkshire, LLC*, 540 F.3d 328, 331 (5th Cir. 2008).

When evaluating a motion to withdraw, "courts consider factors such as the reason withdrawal is sought, the prejudice the withdrawal may cause to the other litigants, the harm withdrawal may cause to the administration of justice, and the

degree to which withdrawal may delay resolution of the case." *EEOC v. Amy's Country Candles, LLC*, No. 17-6565, 2019 WL 2469740, at \*1 (E.D. La. June 13, 2019) (Denying a motion to withdraw as counsel of record in part because "withdrawal could prejudice plaintiff and delay the resolution of this case, because it could disrupt plaintiff's ability to enforce the terms of the settlement agreement."). The court must assure that the prosecution of the lawsuit is not disrupted by the withdrawal of counsel. *Broughten v. Voss*, 634 F.2d 880, 882-83 (5th Cir. 1981).

Here, the bankruptcy court denied withdrawal because allowing it would prejudice DISA's collection efforts and the court's compliance assessment. Ultra, a corporate entity, cannot represent itself. *See Southwest Express Co., Inc. v. Interstate Commerce Commission*, 670 F.2d 53, 55 (5th Cir. 1982). There is no substitute counsel. Rather, the attorneys provided Ultra's contact information in Singapore. The court expressed concern that if the attorneys withdraw, there is no meaningful way to contact Ultra.

This bankruptcy case is not concluded. An order for attorney fees and costs against Ultra is outstanding. The court has a substantial interest in seeing its orders and judgments executed. Under these circumstances, the bankruptcy court did not abuse its discretion in denying withdrawal of counsel.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the orders of the bankruptcy court are AFFIRMED.

New Orleans, Louisiana this __25th__ day of March 2026

_____
WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE